**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA**

**WILLIAM EUGENE WEBB,**

    **Petitioner,**

**v.**                                                                      **Civil Action No. 2:06cv122
                                                                              (Judge Maxwell)**

**JOE DRIVER, D. MORENO,
HARLEY LAPPIN, KIM WHITE
AND A. GONZALEZ,**

    **Respondents.**

**<u>OPINION/REPORT AND RECOMMENDATION ON
PETITIONER'S REQUEST FOR INJUNCTIVE RELIEF</u>**

On December 18, 2006, the *pro se* petitioner initiated this case by filing an Action to Compel Performance of Duty under 28 U.S.C. § 1361. On March 6, 2007, the undersigned conducted a preliminary review of the petition and determined that summary dismissal was not warranted at that time. Thus, the Clerk was directed to issue summonses and serve the Respondents. Summonses issued on March 7, 2007. No return of service has yet been filed.

This case is currently before the undersigned for a report and recommendation on Petitioner's motion to enjoin the Respondents from transferring him until this case has been resolved. In the motion, Petitioner requests that the "Court issue an Order enjoining the Respondents from transferring the Plaintiff, until the resolution of this cause, as is pursuant to Rule 65, Federal Rules of Civil Procedure."

The standard for granting injunctive relief in this Court is the balancing-of-hardship analysis set forth in <u>Blackwelder Furniture Co. v. Seilig Mfg. Co.</u>, 550 F.2d 189 (4th Cir. 1977). In making this analysis, the Court must consider the following four factors:

(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied,

(2) the likelihood of harm to the defendant if the requested relief is granted,

(3) the likelihood that the plaintiff will succeed on the merits, and

(4) the public interest.

Direx Israel, Ltd v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). The "[p]laintiff bears the burden of establishing that each of these factors supports granting the injunction." Id. (citation omitted).

A court will not grant a preliminary injunction unless the plaintiff first makes a "clear showing" that he will suffer irreparable injury without it. Id. The required harm "must be neither remote nor speculative, but actual and imminent." Id. (citations and internal quotation omitted). If such harm is demonstrated, the court must balance the likelihood of harm to the plaintiff if an injunction is not granted and the likelihood of harm to the defendant if it is granted. Id. (citation omitted). If the balance of those two factors "'tips decidedly' in favor of the plaintiff, a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991) (citations omitted). However, "[a]s the balance tips away from the plaintiff, a stronger showing on the merits is required." Id. (citation omitted).

In his case, Petitioner seeks injunctive relief, but does not assert, much less establish, that he is in actual and imminent danger of being harmed if an injunction does not issue. In fact, Petitioner does not even assert that he is under an imminent threat of a transfer. Instead, it appears

that Petitioner is merely seeking prospective relief to insure that even the suggestion of a transfer is not made during the pendency of his case.  In addition, even if Petitioner had shown that he was under an imminent threat of transfer, this Court does not have the authority to issue the requested relief.  See Meachum v. Fano, 427 U.S. 215 (1976) (the transfer of a convicted and sentenced inmate is within the sound discretion of the BOP); see also, 18 U.S.C. § 3621(b) (the BOP shall designate the place of an inmate's confinement).  Accordingly, it is recommended that Petitioner's motion to enjoin respondents from transferring him until this case is resolved (dckt. 16) be DENIED.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge for the Northern District of West Virginia.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner and counsel of record, as applicable.

DATED: March 16, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE