# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM EUGENE WEBB,**

        **Petitioner,**

v.                                                            **Civil Action No. 2:06cv122**
                                                                                 **(Judge Maxwell)**

**JOE DRIVER, D. MORENO,**
**HARLEY LAPPIN, KIM WHITE,**
**AND A. GONZALEZ,**

        **Respondents.**

## OPINION/REPORT AND RECOMMENDATION

On February 6, 2007, the *pro se* petitioner filed this case as an Action to Compel Performance of Duty pursuant to 28 U.S.C. § 1651. On March 6, 2007, the undersigned conducted a preliminary review of the file and determined that the petition should not be summarily dismissed at that time. Therefore, the respondents were directed to file an answer.

On May 21, 2007, the respondents filed a Motion to Dismiss or for Summary Judgment. After the issuance of a Roseboro Notice, the petitioner filed his reply on July 10, 2007. This case is now before the undersigned for a Report and Recommendation on the respondent's motion.

### I. The Petition

In the petition, the petitioner asserts that on October 12, 2006, he filed an informal request for administrative remedy with his Unit Counselor related to his preparations for filing a § 2241 petition. On October 19, 2006, the petitioner sought a formal response to his request to no avail. On November 1, 2006, the petitioner verbally requested the status of his grievance. On November 2, 2006, the petitioner was told that a response had not yet been issued to his grievance. When the petitioner requested an explanation for the delay, he was allegedly told that grievances were

currently backlogged and that his grievance would be reviewed when time allowed. On November 6, 2006, and November 24, 2006, the petitioner filed a written request to staff again asking that his grievance be reviewed. The petitioner asserts that he did not get a response to those requests.

In addition, the plaintiff subsequently filed an informal grievance about a lock-down which occurred on July 25, through July 31, 2006. Although the plaintiff asserts that he filed the grievance with his counselor on August 18, 2006, his grievance was stamped received as of August 22, 2006. Therefore, because his grievance was filed more than 20 days after the incident giving rise to the complaint occurred, his grievance was denied as untimely. The petitioner appealed the denial of his grievance to each level of the administrative process. However, each level upheld the rejection of his appeal, even though the petitioner explained the discrepancy between the dates he allegedly gave the grievance to his counselor, and the date it was stamped received.

Based on this factual background, the petitioner seeks an order compelling the defendants to perform their duties pursuant to the regulations that govern the Bureau of Prisons' administrative remedy process. More specifically, the petitioner requests an ordering directing the defendants to promptly and properly respond to the grievances giving rise to this complaint and directing the defendants to provide a receipt to each inmate who files a request for administrative remedy.

## II. Standard of Review

Pursuant to 28 U.S.C. § 1361, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, the Court's authority to issue a writ of mandamus extends only to the issuance of writs necessary or appropriate in aid of its jurisdiction. 28 U.S.C. § 1651. "The remedy of mandamus is a drastic one, to be invoked only in

2

extraordinary circumstances." Kerr v.United States Dist. Court, 426 U.S. 394, 402 (1976). "The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable." In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) (internal quotations omitted). More specifically, the party seeking mandamus relief must demonstrate the following five requirements:

> (1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances.

United States ex rel. Rahman v. Oncology Assocs., P.C., 198 F.3d 502, 522 (4th Cir. 1999).

### III. Analysis

**A. Petitioner's Grievance Regarding Preparation of his § 2241 Habeas Corpus Petition**

In this instance, the petitioner cannot show that he is entitled to mandamus relief because he cannot show that there is no other adequate means to attain the relief he desires or that his right to relief is clear and indisputable. In addition, this claim is now moot. With regard to this grievance, the petitioner asserts that his access to the courts is being denied because the failure to respond to his administrative grievance hinders his ability to exhaust his administrative remedies. However, this is simply untrue.

Pursuant to 28 C.F.R. § 542.13(a), "an inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issued before an inmate submits a Request for Administrative Remedy." In general, "[t]he deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request . . . is 20 calendar days following the date on which the basis for the request occurred." See § 542.14(a). However,

3

an attempt for informal resolution may be waived in individual cases at the discretion of the Warden. See § 542.13(b). In addition, the Warden may consider any "unusually long period taken for informal resolution attempts" in considering the timeliness of a formal written Administrative Remedy Request. See § 542.14(b).

Here, the petitioner could have sought waiver of informal resolution by the Warden due to the unusually long period taken for informal resolution attempts. In point of fact, when the petitioner did complain to the Warden by way of an appeal, the petitioner's complaint was taken under consideration and, as of the date the response was filed in this case, the grievance was under investigation. Thus, the petitioner has received the relief sought in the instant petition, review of his informal grievance, and this issue is now moot.[1]

**B.  Petitioner's Grievance Regarding the Lock-down in July of 2006**

In this instance, the petitioner cannot show that he is entitled to mandamus relief because he cannot show that the responding party has a clear duty to do the specific act requested or that his right to relief is clear and indisputable. With regard to this grievance, the petitioner asserts that he presented this issue through each level of the administrative remedy process. However, the petitioner's grievance was rejected as untimely. That decision was upheld on appeal to the Regional Office and the Office of General Counsel. The petitioner, however, asserts that his claim was not untimely and that the BOP should be directed to respond to the merits of his grievance.

At best, the Code of Federal Regulations requires that the various levels of the BOP's

---

[1] Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

administrative remedy process respond to an inmate's grievance. See 28 C.F.R. 542.10, et seq. This they have done. The petitioner's complaint arises from his dissatisfaction with the responses of the various levels of the process. Therefore, what the petitioner actually requests this Court to do is to direct the BOP to make a particular decision. However, this Court does not have that authority. See 18 U.S.C. § 4001 (the Attorney General has the authority and responsibility to promulgate rules for the governance of Federal penal and correctional institutions); 18 U.S.C. § 4042(a)(1) (delegating this authority to the BOP); 28 C.F.R. § 542.10, et seq. (the BOP's procedures for Administrative review); Hewitt v. Holmes, 459 U.S. 460, 467 (1983) (prison officials have broad authority over the institutions they manage).

## C. Petitioners' Request Regarding Receipts

In this instance, the petitioner seeks an order from the Court directing the BOP to provide a receipt to each inmate who files a request for administrative remedy. However, mandamus is only available when the petitioner can show that the responding party has a clear duty to do the specific act requested. Here, the Code of Federal Regulations simply does not require that the BOP provide a receipt to prisoners who file administrative grievances. See 28 C.F.R. § 542.10, et seq. Thus, this Court is unable to compel the BOP to do so and the Court cannot grant the petitioner the relief sought.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that the respondents' Motion to Dismiss or for Summary Judgment (dckt. 29) be **GRANTED** and the petition be **DENIED** and **DISMISSED with prejudice**.

Within ten (10) days after being served with a copy of this opinion, any party may file with

the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: November 29, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE