IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLIAM EUGENE WEBB,

    Petitioner,

  v.                                    Civil Action No. 2:06 CV 122
                                            (Maxwell)

JOE DRIVER, D. MORENO,
HARLEY LAPPIN, KIM WHITE
AND A. GONZALEZ,

    Respondents.

## ORDER

It will be recalled that on December 18, 2006, *pro se* Petitioner William Eugene Webb instituted the above-styled civil action by filing an Action To Compel Performance Of Duty pursuant to 28 U.S.C. § 1361.

It will further be recalled that the case was referred to United States Magistrate Judge John S. Kaull in accordance with Rule 83.09 of the Local Rules of Prisoner Litigation Procedure.

On March 13, 2007, the Petitioner filed a Motion To Enjoin Respondents From Transferring: William Eugene Webb, Until Resolution Of This Cause.

On March 16, 2007, United States Magistrate Judge Kaull issued an Opinion/Report And Recommendation On Petitioner's Request For Injunctive Relief

wherein he recommended that the Petitioner's Motion To Enjoin Respondents From Transferring: William Eugene Webb, Until Resolution Of This Cause be denied.

In his Opinion/Report And Recommendation On Petitioner's Request For Injunctive Relief, Magistrate Judge Kaull provided the parties with ten days from the date of said Opinion/Report And Recommendation in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Opinion/Report And Recommendation.

The Court's review of the docket in the above-styled action has revealed that no objections to Magistrate Judge Kaull's March 16, 2007, Opinion/Report And Recommendation have been filed by either the Petitioner or the Respondents and that the Petitioner's Motion to Enjoin Respondents From Transferring: William Eugene Webb, Until Resolution Of This Cause is now ripe for review.

Upon consideration of Magistrate Judge Kaull's March 16, 2007, Opinion/Report and Recommendation, and having received no written objections thereto[1], it is

**ORDERED** that the Opinion/Report And Recommendation On Petitioner's Request For Injunctive Relief entered by United States Magistrate Judge John S. Kaull

---

[1]The failure of a party to objection to a Report And Recommendation waives the party's right to appeal from a judgment of this Court based thereon and, additionally, relieves the Court of any obligation to conduct a *de novo* review of the issues presented. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

on March 16, 2007, be, and the same is hereby, **ACCEPTED** in whole.  Accordingly, it is

**ORDERED** that the Petitioner's Motion To Enjoin Respondents From Transferring: William Eugene Webb, Until Resolution Of This Case (Docket No. 16) be, and the same is hereby, **DENIED.**

In response to an Order To Answer entered by Magistrate Judge Kaull on March 6, 2007, A Motion To Dismiss Or For Summary Judgment and a Memorandum In Support thereof were filed on behalf of the Respondents in the above-styled civil action on May 21, 2007.  The Petitioner's Objections To Respondent's Memorandum And The Motion To Dismiss Or For Summary Judgment were filed on July 10, 2007.

On November 29, 2007, Magistrate Judge Kaull issued an Opinion/Report And Recommendation wherein he recommended that the Respondents' Motion To Dismiss Or For Summary Judgment be granted; and that the Petitioner's Action To Compel Performance Of Duty be denied and dismissed with prejudice.  In his Opinion/Report And Recommendation, Magistrate Judge Kaull provided the parties with ten days from the date of said Opinion/Report And Recommendation in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Opinion/Report And Recommendation.

A Supplemental Pleading Of Plaintiff With Objections To The Magistrate's

Opinion/Report And Recommendation was filed on December 19, 2007.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985).

As previously noted, on December 19, 2007, the Petitioner filed a Supplemental Pleading Of Plaintiff With Objections To The Magistrate's Opinion/Report And Recommendation. The Court has conducted a *de novo* review only as to the portions of the Report and Recommendation to which the Petitioner objected. The remaining portions of the Report And Recommendation to which the Petitioner has not objected have been reviewed for clear error.

In his first objection to Magistrate Judge Kaull's Opinion/Report And Recommendation, the Petitioner asserts that he has shown that there is no other adequate means to attain the relief he desires; that his right to relief is clear and indisputable; and that his claims are not moot. In his second objection, the Petitioner asserts that he has a clear and indisputable right to the relief sought. Finally, in his third objection, the Petitioner asserts that 28 C.F.R. § 542.11(a)(2) expressly requires that BOP officials provide receipts to inmates that file administrative remedy grievances and

4

that, accordingly, this Court can compel the BOP to do so.

      The Court finds that the issues raised by the Petitioner in his first two objections to Magistrate Kaull's Opinion/Report And Recommendation were thoroughly considered by Magistrate Judge Kaull in said Opinion/Report And Recommendation. With regard to the Petitioner's third objection, the Court believes it is important to clarify the Magistrate Judge's response to the Petitioner's request that the BOP be directed to provide each inmate who files a request for administrative remedy with a receipt. In his Opinion/Report And Recommendation, Magistrate Judge Kaull indicates that the Code of Federal Regulations does not require that the BOP provide a receipt to prisoners who file administrative grievances. In making this statement, Magistrate Judge Kaull is referring to the fact that the BOP is not required to provide a receipt to prisoners who file informal resolution requests. The Petitioner is correct that 28 C.F.R. § 542.11(a)(2) does require a warden to acknowledge the receipt of a *formal* Administrative Remedy Request or Appeal by returning a receipt to the inmate. This requirement is <u>not</u>, however, applicable to informal resolution requests, such as the informal resolution request concerning the Petitioner's preparations for filing a § 2241 petition, which was filed by the Petitioner with his Unit Counselor on October 12, 2006, and the informal resolution request regarding a lock-down which occurred July 25 - July 31, 2006, which was filed by the Petitioner with his Unit Counselor on August 18, 2006. The filing of informal resolutions is covered in 28 C.F.R. § 542.13, which regulation does not require

5

the issuance of a receipt to an inmate who files such an informal resolution request.

Based upon its review, it appears to the Court that the issues raised by the Petitioner in his Action To Compel Performance Of Duty pursuant to 28 U.S.C. § 1361 were thoroughly considered by Magistrate Judge Kaull in his Opinion/Report And Recommendation. The Court is of the opinion that Magistrate Judge Kaull's Opinion/Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled action. Accordingly, it is

**ORDERED** that the Opinion/Report And Recommendation entered by United States Magistrate Judge John S. Kaull on November 29, 2007, be, and the same is hereby, **ACCEPTED** in whole and this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the Respondents' Motion To Dismiss Or For Summary Judgment (Docket No. 29) be, and the same is hereby, **GRANTED**. It is further

**ORDERED** that the Petitioner's Action To Compel Performance Of Duty pursuant to 28 U.S.C. § 1651 (Docket No. 1) be, and the same is hereby, **DENIED** and **DISMISSED** with prejudice. It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Respondents. It is further

**ORDERED** that, should the Petitioner desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30)

days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the Petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court Of Appeals For The Fourth Circuit.

The Clerk of Court is directed to transmit a copy of this Order to the *pro se* Petitioner and to counsel of record in the above-styled civil action.

**ENTER:** March   26  , 2008

　　　　　　　　　　　　　　　　　　　　　　　　　　/S/ Robert E. Maxwell
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge